IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ROBERT J. RAY and
AMELIA RAY                                                                                      PLAINTIFFS


VS.                                            CASE NO. 07-CV-1076


MARCUS THOMAS                                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant's Second Joint Motion for Summary Judgment. (Doc. 43). Plaintiffs responded. (Doc. 46). Defendant replied. (Doc. 49). The Court finds the matter ripe for consideration.

## BACKGROUND

Plaintiff Robert J. Ray was hired by Shaw[1] on August 21, 2006. Mr. Ray was working on the premises of Albemarle Corporation ("Albemarle") on September 29, 2006. On this day, Mr. Ray sustained injuries to his left leg when a pipe fell on him. Defendant Thomas was operating the crane transporting this pipe when it fell on and injured Mr. Ray. Defendant Thomas was an employee of Albemarle at the time of Mr. Ray's injury. Mr. Ray received workers' compensation benefits as a result of the injuries he sustained on September 29, 2006. As a condition of allowing Mr. Ray access to Albemarle property, he signed a document titled "Employee's Remedy for Work Related Injuries"

---

[1] The Court notes that there is a question of fact as to which Shaw entity employed Mr. Ray at the time of the injury. Plaintiffs claim Shaw L.L.C. was Mr. Ray's sole employer while Defendants claim that Shaw Constructors, Inc., Shaw Maintenance Inc., and Shaw L.L.C. are all subsidiaries of The Shaw Group, Inc., thus making The Shaw Group, Inc., Mr. Ray's general employer. The Court will refer, throughout this opinion, to Mr. Ray's general employer as "Shaw."

("Waiver") when he was hired. This document reads:

> "Whereas, I <u>Jay Ray</u> (insert employees name), understand that Shaw Constructors, Inc. has entered a contract with Albemarle Corporation to perform certain construction and maintenance services for Albemarle Corporation. I have been advised that Albemarle Corporation in its contract with Shaw Constructors, Inc. requires my agreement to the terms of this document as a condition for allowing me access to perform work on Albemarle projects, property, or rights of way. Also, I am aware that the state Workers' Compensation statutes provide a remedy for work related injuries.
> Therefore, in recognition of the fact that any work related injuries which might be sustained by me are covered by state Workers' Compensation statutes, and to avoid the circumvention of those statutes which may result from suits against customers or clients of Shaw Constructors, Inc. based on the same injury or injuries, and to the extent permitted by law, I HEREBY WAIVE AND FOREVER RELEASE ANY RIGHTS I MIGHT HAVE to make any claims or to bring suit against any client or customer of Shaw Constructors Inc. for damages based upon injuries which are covered under such Workers' Compensation statutes. I further acknowledge that I am only being given the opportunity to work on a project for such client or customer upon condition that I execute this document.
> This document is not intended to limit any benefits afforded by the Workers' Compensation statutes nor is it intended to prevent or discourage me from filing a Workers' Compensation claim for any work related injury covered by such statutes."

(Employee's Remedy for Work Related Injuries, Doc. 19-2).

In 2006, Mr. Ray worked at the Albemarle premises on a crew with two other Shaw employees and two Albemarle employees. Defendant Thomas was one of the Albemarle employees on Mr. Ray's crew, and Defendant Thomas was the supervisor for the five-man crew. Every day Mr. Ray would report to work at Albemare premises and Defendant Thomas would give him his assignment for the day.

In their Complaint, Plaintiffs claim that Defendant Thomas was negligent, and this negligence caused Mr. Ray's injury. Plaintiffs also claim this negligence resulted in a loss of consortium for Mrs. Ray. Defendant in his second motion for summary judgment contends that the Plaintiffs' exclusive remedy is a claim for benefits under the Arkansas' Workers' Compensation Act because Mr. Ray was a special employee of Albemarle at the time he was injured. In the alternative,

the Defendant argues that if the Court finds there are material issues of facts, it should dismiss the case because the Arkansas' Workers' Compensation Commission has exclusive original jurisdiction to determine any such issues of facts.

## SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established under Rule 56(c) of the Federal Rules of Civil Procedure. A summary judgment motion should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct 2505, 91 L.Ed. 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party meets this burden, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue. *Anderson*, 477 U.S. at 249. To avoid summary judgment the non-movant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit," or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

DISCUSSION

As an initial matter, the Court notes that Albemarle is no longer a Defendant in this matter. However, in order to determine whether Defendant Thomas, as a supervisory employee of Albemarle, is protected from personal liability, the Court must first determine whether Albemarle is a special employer under the dual employment doctrine. *See Simmons First Nat'l Bank v. Thompson,* 686 S.W.2d 415 (Ark. 1985).

The Arkansas Workers' Compensation Act ("the Act") states that: "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee . . . to recover damages from the employer . . . on account of the injury or death . . ." Ark. Code Ann. § 11-9-105(a) (Repl. 2002). In Arkansas, an employee's exclusive remedy for injuries received in the course of employment is a claim under the Act. *Int'l Paper Co. v. Clark County Cir. Ct.,* 375 Ark. 127 (2008). However, an injured employee may bring suit against a third-party for work related injuries. *See Daniels v. Riley's Health & Fitness Ctrs.,* 840 S.W.2d 177 (Ark. 1992). Here, the question is whether Albemarle and Defendant Thomas are third-parties or whether Albemarle is a special employer under the dual-employment doctrine. If Albemarle is Mr. Ray's special employer, Defendant Thomas is also protected as a supervisory employee of Albemarle.

The dual employment doctrine allows for an employee to have a general employer and a special employer. *Phillips v. United States,* 422 F.3d 709, 710 (8th Cir. 2005). In order for both the general and special employers to be liable for workers' compensation benefits and thus be protected by the exclusive remedy provision of the Act, the following three conditions must be met: 1) the employee made a contract for hire, express or implied, with the special employer; 2) the work being

4

done is essentially that of the special employer; and 3) the special employer has the right to control the details of the work. *Daniels,* 840 S.W.2d at 759 (quoting 1C, A. Larson, *The Law of Workmen's Compensation,* § 48.00 (1962)). The parties agree that the second and third conditions are met. Therefore, the only issue before the Court is whether there is a genuine issue of material fact regarding whether Mr. Ray had an implied contract for hire with Albemarle.[2]

An implied contract may be inferred from the acts of the parties and it derives from the presumed intention of the parties as indicated by their conduct. *Steed v. Busby,* 268 Ark. 1, 7 (1980) (internal quotations omitted).

> A contract may be express or implied. An express contract may be oral or written. An implied contract is created by the conduct of the parties or their course of dealing. In determining whether an implied contract was formed between the plaintiff and the defendant, you should consider the parties' conduct and course of dealing from the viewpoint of a reasonable person, considering all of the surrounding circumstances.

Ark. Model Jury Inst. 2404.

The Defendant argues that Mr. Ray's knowledge of the details of the contract between Shaw and Albemarle and Mr. Ray's consent to an employee/employer relationship with Albemarle prove that Mr. Ray and Albemarle had an implied contract for hire. Defendant support this argument with the fact that Mr. Ray reported to Albemarle premises everyday for work and received his assignments from his supervisor Defendant Thomas, an Albemarle employee. Also, Mr. Ray stated in his deposition that he was doing the work for Albemarle through Shaw. (Ray Deposition Doc. 19-1). Finally, Mr. Ray signed the Waiver which contained the following language: "I . . . understand that Shaw Constructors, Inc. has entered a contract with Albemarle Corporation to perform certain

---

[2] The Court notes that there is no express contract for hire in the record. Therefore the issue is properly narrowed to whether there is an implied contract for hire.

construction and maintenance services for Albemarle Corporation." (Doc. 19-1). Defendant contends that Mr. Ray's actions and statement show that he impliedly consented to a contract for hire with Albemarle.

The Plaintiffs respond by citing the Court to *Phillips v. United States,* 422 F.3d 709 (8th Cir. 2005). In *Phillips,* the Eighth Circuit refused to grant special employer status because there was no evidence in the record of a contract for hire, express or implied. *Id.* at 711. The *Phillips* court explained that there was no evidence in the record that the employee had any knowledge of the details of the contract between his general and special employer. *Phillips,* 422 F.3d at 711. The Court finds that the same applies here. While Mr. Ray was aware of the existence of a contract between Shaw and Albemarle, there is no evidence indicating that he was aware of the details of that contract.

Furthermore, in *Sharp County Sheriff's Office v. Ozark Acres Improvement District*, the Arkansas Supreme Court addressed the dual employment doctrine and provided an instructive analysis on the issue currently before this Court. 349 Ark. 20, 75 S.W.3d 690 (2002). In *Sharp,* the employee was hired by the District as a security guard and then commissioned as a Sharp County deputy sheriff. *Id.* at 23. Qualification for this commission was a prerequisite to being hired by the District. *Id.* The employee wore a Sharp County sheriff's uniform and was required to respond to calls from Sharp County even if they were outside of the District and/or made after the employee's work hours with the District. *Id.* at 24. The employee was injured one night while responding to a call from the County. *Id.* At the time of his injury the employee was off duty from the District. *Id.*

The *Sharp* court applied the dual employment doctrine and the three conditions set out in *Daniels.*[3] *Id.* at 25. The court found that Sharp County was not the employee's special employer because there was no express or implied contract for hire. *Id.* at 28. The *Sharp* court explained that because Sharp County had not compensated the employee, or reimbursed the District for its compensation of the employee then there could be no contract for hire. *Id.* at 6-7.

      Here Defendant argued that Mr. Ray formed an implied contract by reporting to work everyday at Albemarle premises and allowing Defendant Thomas to instruct him in his job duties. The Court is not convinced that these actions amount to an implied contract for hire. In *Sharp,* the employee responded to calls from the County and completed duties for the County and the court still held there was not an implied contract for hire. *Id.* The Court finds that the conduct and course of dealing evidence in the record does not show the Court whether Mr. Ray entered an implied contract for hire with Albemarle. Also Defendant has not shown that there is no genuine issue of material fact as to whether Albemarle was reimbursing Shaw for Mr. Ray's compensation. The Court is aware, from the record, that Shaw was compensating Mr. Ray, but the Court is unaware of any evidence in the record indicating that Albemarle reimbursed Shaw for this compensation. Therefore, the Court finds there are genuine issues of material facts regarding whether Mr. Ray and Albemarle had a contract for hire.

      Because the Court finds that there are genuine issues of material facts regarding Albemarle's status as a special employer, the Court must also hold that there are genuine issues of material facts

---

[3] 1) the employee has made a contract for hire, express or implied, with the special employer; 2) the work being done is essentially that of the special employer; and 3) the special employer has the right to control the details of the work. *Sharp County,* 349 Ark. at 25 (citing *Daniels,* 310 Ark. at 759).

regarding Defendant Thomas's protection from liability as a supervisory employee of Albemarle. *See Simmons First National Bank,* 686 S.W.2d at 415. However, the Court does not have jurisdiction to determine whether the facts indicate Albemarle was a special employer of Mr. Ray. The Arkansas Supreme Court has been very clear that the Workers' Compensation Commission has exclusive original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue becomes one of law. *VanWagoner v. Beverly Enterprises,* 334 Ark. 12, 16, 970 S.W.2d 810, 812 (Ark. 1998); *Boudreau v. Walmart Stores, Inc.,* 249 F.3d 715, 719 (8th Cir. 2001). The issues here are ones of fact. Therefore, the Court must dismiss Plaintiffs' claims against Defendant Thomas for lack of jurisdiction.

## CONCLUSION

For the reasons discussed herein and above, the Court finds that Defendant Thomas's Second Joint Motion for Summary Judgment should be and hereby is **GRANTED**.[4] Plaintiffs' claims against Defendant Marcus Thomas are dismissed without prejudice. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, on this 21st day of August, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[4] The Court notes that the only remaining issues in the Second Joint Motion for Summary Judgment were those applying to Defendant Thomas because the Court previously found the Second Joint Motion for Summary Judgment moot as it applies to Albemarle Corporation.